# In the United States District Court for the Southern District of Georgia Brunswick Division


FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 3:00 pm, Aug 20, 2020

|  |  |
|---|---|
| SHERRY GERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>    Defendants. | CV 2:20-033 |

## ORDER

Before the Court is Defendant Nationstar Mortgage, LLC's ("Nationstar") motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 16. Attached to Nationstar's motion are several documents, including public records, statements and letters addressed to Plaintiff Sherry German or Mark German. See Dkt. Nos. 16-1—16-7. Plaintiff has filed no response to Nationstar's motion.

Generally, a court must convert a motion to dismiss to a motion for summary judgment if it considers materials outside of the complaint. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 1990). There are exceptions to that general rule, however. For example, a Court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. Cole v. Chase Home Fin., LLC, No. 3:12-CV-112-TCB, 2012 WL 13028173, at *3 (N.D. Ga. Oct. 30, 2012)(citing Universal Express,

Inc. v. U.S. Sec. & Exch. Comm'n, 177 F. App'x 52, 53 (11th Cir. 2006)).  "It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court."  Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531–32 (11th Cir. 1990).  In its Motion to Dismiss, Nationstar has attached multiple documents for the purpose of proving facts alleged in its Motion.  See Dkt. Nos. 16-1—16-7.  Nationstar argues that the Court may consider these documents without converting the motion to dismiss into a motion for summary judgment because the documents are both undisputed and central to Plaintiff's claims.  Dkt. No. 16-1 at 3 n.2.  While Nationstar is correct that Plaintiff, through her failure to respond, has not disputed the documents or, for that matter, the motion to dismiss as a whole, the Court prefers to give Plaintiff an opportunity to address the genuineness of those documents.  The Court uses its discretion to convert Nationstar's motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

When a district court converts a motion to dismiss into a motion for summary judgment, it must comply with the requirements of Rule 56 by notifying the parties of the conversion and providing *at least* 10 days for the parties to supplement the record accordingly.  Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002).  Nationstar shall have fourteen (14) days from today's date to file any supplemental evidence and briefing

2

relating to Plaintiff's claims.  Plaintiff shall have fourteen (14) days from the supplemental filings to respond.  Plaintiff's failure to respond could result in the dismissal of her claims against Nationstar.

## CONCLUSION

In accordance with the above, Nationstar's Motion to Dismiss, dkt. no. 16, is **CONVERTED** into a motion for summary judgment.

**SO ORDERED**, this 20th day of August, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA